IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| URIEL ISAIAS CAMARA, AND<br>ROBERT RAYMOND MARTINEZ<br>Plaintiffs,<br><br>V.<br><br>CLAYTON TRANSPORT, INC.<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO. L-18-143 |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME PLAINTIFFS, URIEL ISAIAS CAMARA and ROBERT RAYMOND MARTINEZ, complaining of and about CLAYTON TRANSPORT, INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

1. PARTIES

1.1    Plaintiff, Uriel Isaias Camara is an individual residing in Laredo, Webb County, Texas.

1.2    Plaintiff, Robert Raymond Martinez is an individual residing in Laredo, Webb County, Texas.

1.3    Defendant, CLAYTON TRANSPORT, INC., is a Foreign Company stationed in Missouri and is organized under the laws of the State of Missouri. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Lance Clayton, at 16287 US Highway 60, Verona, Missouri 65769,

its registered office. Service of said Defendant as described above can be effected by certified mail.

## 2. Jurisdiction and Venue

2.1     This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3. Factual Background

### The Collision

3.1     This lawsuit concerns a severe motor vehicle collision which occurred on January 18, 2018. The collision occurred between a 2007 Ford F350 and a 2004 Freightliner Tractor Trailer which was driven by, Troy Alan Dunlop under the authority and control of Defendant, CLAYTON TRANSPORT, INC. At the time of the collision, Plaintiff, ROBERT RAYMOND MARTINEZ was a passenger in the 2007 Ford F350 vehicle.

3.2     The vehicular collision occurred on a Thursday early afternoon at the intersection of the 600 block of northeast Bob Bullock Loop and 10100 IH 35 N. Frontage Road, within the limits of Webb County, Texas. With respect to the area where the collision occurred, Bob Bullock

loop consists of two east lanes and a north and south loop, and IH 35 N. Frontage Road consist of two northbound lanes. The intersection is controlled by traffic signal lights and yield signs.

3.3     Mr. URIEL ISAIAS CAMARA was stopped westbound on Bob Bullock Loop, at the time of the collision, due to traffic at a yield sign. At the same time, Mr. Troy Alan Dunlop was traveling directly behind directly Mr. Camara's vehicle, at said location. The incident ensued when Mr. Dunlop, failed to control his speed, thereby causing this collision.

### THE INJURIES

3.4     URIEL ISAIAS CAMARA suffered physical and emotional injuries as a result of this collision. Including, but not limited to cervical and lumbar sprains/strains. Multiple disc bulges to his neck and lower back. Mr. Camara has undergone extensive physical therapy, daily medication, and injections to control the pain caused by the injuries sustained in this vehicular collision. In all probability Mr. Camara will continue to incur medical expenses in the future to allay his pain. Mr. Camara was healthy prior to this collision.

3.5     ROBERT RAYMOND MARTINEZ suffered physical and emotional injuries as a result of this collision. Including, but not limited to cervical, lumbar and thoracic sprains/strains. Multiple disc bulges and herniations to his lower back and neck. Mr. Martinez has undergone extensive physical therapy, daily medication, and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management and the results from the discogram, he underwent a lumbar laminectomy, and a lumbar discectomy to alleviate the pain to his lower back. In all probability Mr. Martinez, will

continue to incur medical expenses in the future to allay his pain. Mr. Martinez was healthy prior to this collision.

### THE EMPLOYMENT RELATIONSHIP BETWEEN THE DEFENDANT AND THE RESULTING VICARIOUS LIABILITY

3.6     At the time of the collision which is the subject of this cause of action, and at all other relevant times, Troy Alan Dunlop was an employee of CLAYTON TRANSPORT, INC., who was acting within the course and scope of his employment.  In this regard, Troy Alan Dunlop was an employee insofar as the master-servant relationship under common law is concerned.

3.7     Alternatively, and at all relevant times herein, Troy Alan Dunlop was a "statutory employee" under the statutory employee doctrine.  In this regard, an intrastate motor carrier (such as CLAYTON TRANSPORT, INC.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches.  As a result, Defendant, CLAYTON TRANSPORT, INC., had exclusive control of the truck which Troy Alan Dunlop was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the vehicle at all relevant times.  As a result, CLAYTON TRANSPORT, INC., is vicariously liable in this cause of action as a matter of law for any and all negligence of Troy Alan Dunlop.

3.8     Alternatively, CLAYTON TRANSPORT, INC., is vicariously liable with respect to all negligence of Troy Alan Dunlop under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 4. CAUSE OF ACTION AGAINST DEFENDANT
### NEGLIGENCE OF TROY ALAN DUNLOP & RESPONDEAT SUPERVISOR

4.1     Defendant, CLAYTON TRANSPORT, INC., is the responsible party defendant for the actions of its employee, Troy Alan Dunlop acting within the course and scope of his employment.

4.2.    Under the doctrine of respondeat superior, Defendant, CLAYTON TRANSPORT, INC., is vicariously liable for the actions of its employee, Troy Alan Dunlop while in the course and scope of his employment. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, CLAYTON TRANSPORT, INC.'s employee in one or more of the following particulars:

> 4.2.1   In that Troy Alan Dunlop failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> 4.2.2   In placing Plaintiffs in a position of peril due to Troy Alan Dunlop lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;
>
> 4.2.3   In that Troy Alan Dunlop failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Troy Alan Dunlop motor vehicle which would permit Troy Alan Dunlop to safely change lanes without colliding into Plaintiff's motor vehicle;
>
> 4.2.4   In that Troy Alan Dunlop was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    4.2.5    In that Troy Alan Dunlop failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

    4.2.6    In that Troy Alan Dunlop failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

    4.2.7    In that Troy Alan Dunlop failed to apply his brakes to his motor vehicle in a timely and prudent manner;

    4.2.8    In failing to exercise reasonable care to protect the safety of others who are using the roadways;

    4.2.9    In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

    4.2.10    In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision; and/or

    4.2.11    In that Troy Alan Dunlop was negligent by failing to operate a vehicle of this type in a reasonably prudent or responsible manner.

4.3    Plaintiffs' injuries were proximately caused by Arnulfo Tijerina, Jr.'s, negligent, careless and reckless disregard of said duty.

## 5. CAUSE OF ACTION AGAINST DEFENDANT NEGLIGENCE OF CLAYTON TRANSPORT, INC.

5.1    On January 18, 2018, Defendant, CLAYTON TRANSPORT, INC. was the owner of the vehicle driven by Troy Alan Dunlop. Defendant, CLAYTON TRANSPORT, INC., <u>negligently entrusted</u> the vehicle to Troy Alan Dunlop a reckless and incompetent driver.

Defendant knew, or through the exercise of reasonable care should have known, that Troy Alan Dunlop was a reckless and incompetent driver.

5.2     Furthermore, and alternatively, CLAYTON TRANSPORT, INC., owed Plaintiffs a duty to hire, supervise, train and retain competent employees.  Defendant breached that duty by negligently <u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, Troy Alan Dunlop consisting of, but not limited to the following:

    5.2.1   In failing to exercise ordinary care in implementing adequate training procedures for drivers;

    5.2.2   In failing to exercise ordinary care in implementing adequate continued education for all drivers;

    5.2.3   In failing to exercise ordinary care in implementing adequate supervision procedures;

    5.2.4   In failing to adequately screen Troy Alan Dunlop's driving record prior to hiring him; and/or

    5.2.5   In failing to exercise ordinary care in determining whether Troy Alan Dunlop was competent enough to be hired.

5.3     Each of the aforementioned negligent acts or omissions of the Defendant, CLAYTON TRANSPORT, INC. constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiffs.

## 6. DAMAGES FOR URIEL ISAIAS CAMARA

6.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, URIEL ISAIAS CAMARA, was caused to suffer bodily injuries, and to incur the following damages:

- 6.1.1 Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, URIEL ISAIAS CAMARA, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

- 6.1.2 Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- 6.1.3 Physical pain and suffering in the past and in the future;

- 6.1.4 Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

- 6.1.5 Loss of earning capacity in the past and which will, in all probability, be incurred in the future; and

- 6.1.6 Mental anguish in the past and in the future.

## 7. DAMAGES FOR ROBERT RAYMOND MARTINEZ

7.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ROBERT RAYMOND MARTINEZ, was caused to suffer bodily injuries, and to incur the following damages:

- 7.1.1 Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, ROBERT RAYMOND MARTINEZ, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;
- 7.1.2 Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- 7.1.3 Physical pain and suffering in the past and in the future;

- 7.1.4 Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

       7.1.5    Loss of earning capacity in the past and which will, in all probability, be incurred in the future; and

       7.1.6    Mental anguish in the past and in the future.

## 8. P<small>RE</small>/P<small>OST</small> J<small>UDGMENT</small> I<small>NTEREST</small>

       8.1    To the extent provided by law, Plaintiffs further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Uriel Isaias Camara and Robert Raymond Martinez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Javier Villarreal*
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877